EMERGENCY PETITION FOR WRIT OF MANDAMUS
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

```
FILED BY___ HR ___ D.C.

JUL 28 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.
```

JOHN DOE,

Petitioner,   Case No. _____

v.

EMERGENCY PETITION FOR WRIT OF MANDAMUS

    U.S. DEPARTMENT OF STATE,
    MARCO RUBIO, in his official
    capacity as Secretary of State,
    and ALL OTHER APPLICABLE
    PERSONS,

Respondents.

_____

## I. INTRODUCTION

COMES NOW Petitioner John Doe, proceeding pro se and under pseudonym due to ongoing threats of retaliation from a multi-state trafficking network, and respectfully petitions this Honorable Court for an Emergency Writ of Mandamus compelling Respondents to perform their non-discretionary duty to adjudicate Petitioner's emergency passport application and provide a written statement of the statutory grounds for any denial.

This is an emergency filing. Petitioner is a documented survivor of a multi-state labor trafficking scheme spanning six trucking employers, seven states, and over a decade. Petitioner is currently homeless, has lost 60 pounds, eats one meal per day, and is under active surveillance by the trafficking network. Petitioner requires an emergency passport to flee the United States and escape the trafficking network that has rendered him a "prisoner" of this country.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1361, the Mandamus Act, which provides original jurisdiction over actions to compel an officer or employee of the United States to perform a duty owed to the plaintiff.

Jurisdiction is also proper under 28 U.S.C. § 1331 federal question and 5 U.S.C. § 701-706 Administrative Procedure Act.

Venue is proper in this district under 28 U.S.C. § 1391e because Petitioner resides in Boynton Beach, Florida, and a substantial part of the events giving rise to this petition occurred in this district.

III. PARTIES

Petitioner JOHN DOE is a natural-born United States citizen, currently homeless in Boynton Beach, Florida, and a documented survivor of a multi-state labor trafficking scheme. Petitioner has applied for an emergency U.S. passport and been denied without being provided a specific statutory reason. Petitioner's true name is known to the Court and is filed under seal pursuant to a contemporaneous motion to proceed under pseudonym.

Respondent U.S. DEPARTMENT OF STATE is a federal agency responsible for the issuance of passports under 22 U.S.C. § 211a.

Respondent MARCO RUBIO is the United States Secretary of State, sued in his official capacity.

IV. STATEMENT OF FACTS

Petitioner applied for a United States passport on or about [DATE]. The Department of State denied the application.

The denial letter informed Petitioner to call a telephone number for the specific reason for the denial.

Petitioner called the provided telephone number on multiple occasions. On each occasion, Petitioner was either placed on hold indefinitely, transferred without resolution, or told someone would call back. No one from the Department of State ever provided Petitioner with a specific statutory reason for the denial.

Petitioner has sent written correspondence to the Department of State requesting the statutory basis for the denial. To date, Petitioner has received no response of any kind from the Department of State.

Without a stated reason, Petitioner cannot file a meaningful administrative appeal under 22 C.F.R. § 51.70, which requires specific grounds for appeal.

Petitioner is a documented survivor of a multi-state labor trafficking scheme. The scheme has involved:

Six fraudulent trucking employers Volare Transport, Weems Transportation, Carlton Trucking, IVS Transport, Prime Trucking, and Western Express

Approximately $39,500 in stolen wages

Five vehicles sabotaged across five states

Theft of identity documents birth certificate, car title, IRS letter in Las Vegas

Theft of hard drive containing business documents in Kansas City

DDoS attacks preventing remote testing at two colleges

Occupied truck towing in Charlotte, forcing Petitioner to jump out with one shoe

Medical retaliation towing in Miami

Ongoing surveillance and cyber-attacks

Petitioner is currently homeless, has lost 60 pounds, eats one meal per day, and is under active surveillance by the trafficking network.

Petitioner requires an emergency passport to flee the United States and escape the trafficking network that has rendered him a prisoner of this country.

Petitioner has no other adequate remedy at law because without a final agency decision with a stated reason, Petitioner cannot administratively appeal, and without a passport, Petitioner's constitutional right to travel is impaired and his life is in danger.

## V. EMERGENCY GROUNDS

Petitioner's situation constitutes an emergency under U.S. Department of State guidelines for emergency passport issuance. The State Department may issue an emergency passport when there is an "unforeseen emergency" including "urgent humanitarian reasons."

Petitioner's life is in imminent danger. The trafficking network has demonstrated a pattern of escalating violence: occupied vehicle towing, forced jumping from a moving truck, brake tampering, and ongoing surveillance.

Petitioner has documented evidence that the traffickers are actively attempting to prevent him from filing legal documents and escaping the country.

The traffickers have already attempted to cause Petitioner to have an accident through vehicle sabotage and near-miss incidents.

Petitioner has been unable to secure safe housing, employment, or legal assistance due to the ongoing trafficking pattern.

Petitioner has exhausted all administrative remedies. Petitioner has contacted the National Human Trafficking Hotline, the Department of Justice Trafficking Task Force, local police in multiple states, and filed FMCSA complaints against all six trucking employers. No relief has been provided.

To date, Petitioner has received no response from the Department of State to any communication regarding the passport denial.

## VI. LEGAL GROUNDS

To obtain a writ of mandamus, a petitioner must establish: 1 a clear right to relief; 2 the respondent has a plainly defined and peremptory duty to perform the act in question; and 3 no other adequate remedy is available.

The Secretary of State has a non-discretionary duty to adjudicate passport applications and to provide applicants with a written statement of the grounds for any denial. Under the Administrative Procedure Act, 5 U.S.C. § 555e, an agency must provide a statement of reasons for a denial of a benefit.

The Department of State's failure to provide Petitioner with a statutory basis for the denial—and failure to respond to any communication—is arbitrary, capricious, and violates due process.

Petitioner has a constitutionally protected liberty interest in international travel. The government cannot deprive Petitioner of that interest without due process of law, which includes notice of the specific basis for the adverse action.

Because Respondents have refused to provide the reason for the denial and have failed to respond to any communication, Petitioner cannot exhaust administrative remedies through an appeal under 22 C.F.R. § 51.70.

The agency has unlawfully withheld agency action by failing to issue a final determination with a stated reason and by failing to respond to Petitioner's communications.

VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

A. Issue an Emergency Writ of Mandamus compelling Respondents, within seven 7 days of this Court's Order, to:

i. Provide Petitioner with a written statement of the specific statutory reasons for the denial of Petitioner's passport application; and

ii. Adjudicate Petitioner's emergency passport application on an expedited basis;

B. Declare that Respondents' failure to provide a reason and failure to respond to communications was arbitrary, capricious, and a violation of due process;

C. Order Respondents to readjudicate Petitioner's passport application based on the correct legal standards under 22 C.F.R. § 51.60;

D. Grant Petitioner emergency relief to prevent irreparable harm; and

E. Award such other and further relief as the Court deems just and proper.

## VIII. VERIFICATION

I, John Doe pseudonym for [Your True Name], declare under penalty of perjury that the facts stated in the foregoing Emergency Petition for Writ of Mandamus are true and correct to the best of my knowledge and belief.

Executed this 28 day of _July_, 2026, in Boynton Beach, Florida.

[Sign your true name here]
[Print your true name below]     JUAN LATREZ POOLE II
                                  DOB 05/28/74

## IX. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Petition for Writ of Mandamus was mailed via certified mail, return receipt requested, to:

U.S. Department of State
Bureau of Consular Affairs
Office of Legal Affairs
2201 C Street NW
Washington, D.C. 20520

and

Marco Rubio
Secretary of State
U.S. Department of State
2201 C Street NW
Washington, D.C. 20520

on this 28 day of _July_, 2026.

[Your signature]